```
 1  GRACE HOLLIS LLP
    Graham S.P. Hollis (SBN 120577)
 2  Marta Manus (SBN 260132)
    3555 Fifth Avenue
 3  San Diego, California 92103
    Telephone: (619) 692-0800
 4  Facsimile: (619) 692-0822

 5  Attorneys for Plaintiff
    MANDI HOVATER
 6
    SEYFARTH SHAW LLP
 7  Alfred L. Sanderson, Jr. (SBN 186071)
    Brandon R. McKelvey (SBN 217002)
 8  Jason D. Glenn (SBN 24470)
    400 Capitol Mall, Suite 2350
 9  Sacramento, California 95814-4428
    Telephone: (916) 448-0159
10  Facsimile: (916) 558-4839

11  Attorneys for Defendant
    WINCO FOODS, LLC
12
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDI HOVATER, individually and on behalf of all similarly situated current and former employees of WINCO FOODS, LLC, and WINCO FOODS, INC., <br><br>    Plaintiffs, <br><br> v. <br><br> WINCO FOODS, LLC, WINCO FOODS, INC. and DOES 1 through 10, inclusive, <br><br>    Defendants. | Case No. 2-10-CV-00621-JAM-DAD <br><br> **STIPULATED PROTECTIVE ORDER** |

### STIPULATED PROTECTIVE ORDER

The parties, by and through their respective counsel of record, to protect certain confidential discovery produced in this litigation, hereby stipulate as follows:

1. It may be necessary for the parties to this lawsuit to respond to requests for discovery that seek confidential information or documents, which are entitled to protection against improper disclosure to the general public.

1

12980480v.1

PDF created with pdfFactory trial version www.pdffactory.com

2. Each party has or may propound discovery which seeks the production of confidential information or documents as defined by this Stipulation and Order.  This Stipulation, when and as approved by the Court, is intended to govern the production of confidential information and documents pertaining to this litigation.

3. The following definitions shall apply to this Stipulation and Order:

    a. "Party" or "parties" shall mean and refer to any party, plaintiff or defendant, in the above-captioned matter.

    b. "Confidential information" shall mean and refer to the information and/or documents which the party producing or receiving identifies as "confidential," or the Court orders as confidential.  The term "Confidential" shall be stamped on written documents deemed "confidential."  The parties also may designate by referral to Bates numbers that certain documents also are to be considered confidential pursuant to this stipulation.  The parties also may designate in writing or via electronic mail that certain electronic files produced are "confidential."

    c. "Documents" shall mean and refer to all written, photographic, or electronic media, including computer print-outs and computer storage devices such as storage media, electronic mail, extracts, summaries, attachments, and answers to requests for production.

    d. "Qualified persons" shall mean and refer to:

        i. The parties to this action;

        ii. Counsel of record for any party signatory to this Stipulation, including all partners, shareholders, associate attorneys, and office personnel of that counsel's law firm;

        iii. Consultants and/or experts retained to testify or assist in the preparation for trial in this action;

        iv. Witnesses or deponents in this action and their counsel;

        v. Service providers used for copying of documents and preparation of exhibits for proceedings in this case; and

12980480v.1

PDF created with pdfFactory trial version www.pdffactory.com

1       vi.    Court personnel and stenographic reporters engaged in proceedings as are necessarily incident to the preparation for trial and/or trial of this action, including discovery proceedings and depositions.

4.    All documents, information and things deemed to contain confidential information under paragraph 3(b) above shall be kept confidential and shall not be disclosed, used, or copied, except as set forth hereafter and for purposes directly related to the prosecution or defense of this action, including the settlement thereof, and shall not be used or disclosed for any other purpose.

5.    Disclosure of confidential documents and information may be made only to "qualified persons" as defined in paragraph 3(d). "Qualified persons" under paragraph 3(d)(i) and 3(d)(iii) above shall be given a copy of this Stipulation and Order and be required to sign the Non-Disclosure Agreement attached hereto as Attachment A. Each "qualified person" designated by paragraph 3(d)(iv) and 3(d)(v) above, to whom confidential documents or information are disclosed, shall be informed of this Stipulation and Order, and counsel shall sign the Non-Disclosure Agreement attached hereto as Attachment A on their behalf, affirming those qualified persons' agreement to be bound by the terms of this Stipulation and Order.

6.    Any deposition testimony deemed to contain confidential information shall be brought within the protection of this Stipulation and Order by orally designating on the deposition record the protected portion(s) of the testimony or by designating in writing the page and line numbers of the deposition transcript deemed to contain confidential information.

7.    The parties have entered into this Stipulation in a good faith effort to avoid potential discovery disputes. Nothing in this Stipulation shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action or subject to discovery by any party or person prior to trial. This Stipulation is not an admission by any party that documents designated "confidential" by another party are, in fact, confidential in nature.

8.    A claim of confidentiality does not conclusively establish confidentiality. If the party receiving matter designated as "confidential" disputes a claim of confidentiality, the

PDF created with pdfFactory trial version www.pdffactory.com

1  receiving party shall object in writing, state its intent to disclose, and request a release of
2  confidentiality from the designating party.  The receiving party shall not disclose any designated
3  matter until ten (10) days following its objection, or, if a motion for a protective order is filed by
4  the designating party within that ten (10) days, until such motion is decided by the Court. When
5  a party only intends to file or lodge materials designated "confidential" with the Court, the party
6  shall follow the procedure described below in paragraph 9.  Nothing in this Stipulation shall
7  prevent either party from seeking additional protection against discovery of any document or
8  information.

9.    If any party intends to file or lodge with the Court any documents or information designated "confidential" pursuant to this Stipulation and Order, that party shall give the designating party (3) days advanced notice and meet and confer in good faith to determine whether information in those documents can and should be redacted.

10.    The parties agree that in the event that any material designated as "confidential" is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using confidential material shall maintain its confidentiality during such use.

11.    Inadvertent production of documents or information later determined by a party to be confidential shall not be deemed a waiver of that party's right to later designate such documents or information as confidential.  If a party produces documents or information without designating that production "confidential," the producing party may later designate the documents or information confidential, and such documents or information shall be subject to the provisions of this Stipulation and Order from the date they are so designated.

12.    No later than (sixty) 60 days following the conclusion of these proceedings, all documents and all copies of any documents which any party marked "Confidential" shall be returned to that party or, alternatively, destroyed and a certification provided to the designating party affirming that all "Confidential" documents have been destroyed.  To the extent that the document has been altered by an attorney's written notes or other alteration protected by the attorney-client privilege or constituting protected work product, the party in possession of the document shall either redact the written notes or destroy the document. "Conclusion of these

PDF created with pdfFactory trial version www.pdffactory.com

1  proceedings" refers to the exhaustion of available appeals, or the running of time for taking such
2  appeals, as provided by applicable law.
3       13.    This Stipulation may be modified only by Stipulation signed by all signatories
4  hereto or by order of the Court.  Any party or non-party may apply to the Court at any time to
5  seek modification of this Stipulation and Order.  Upon the application of any party or non-party
6  seeking modification of this Stipulation and Order, the burden of showing good cause for
7  continuance of the confidentiality-related protections stipulated and ordered herein shall be on
8  the party seeking to continue such protections.
9       14.    This Stipulation shall be immediately binding upon a party when that party,
10 through counsel, executes this Stipulation.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATE:  December 16, 2010            GRACE HOLLIS LLP

                                    By:    s/ Marta Manus
                                           Marta Manus
                                           Attorneys for Plaintiff


DATE:  December 16, 2010            SEYFARTH SHAW LLP

                                    By:    s/ Alfred L. Sanderson Jr.
                                           Alfred L. Sanderson, Jr.
                                           Attorneys for Defendant


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: 12/17/2010
                                    /s/ John A. Mendez
                                    Honorable John A. Mendez
                                    United States District Judge

5
STIPULATED PROTECTIVE ORDER

12980480v.1

PDF created with pdfFactory trial version www.pdffactory.com

**ATTACHMENT A**

**Non-Disclosure Agreement**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____, 2010 in the case of *Mandi Hovater v. WinCo Foods, LLC.*, Case No. 2-10-CV-00621-JAM-DAD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

6
STIPULATED PROTECTIVE ORDER
12980480v.1

PDF created with pdfFactory trial version www.pdffactory.com