1  SEYFARTH SHAW LLP
   Alfred L. Sanderson (State Bar No. 186071)
2  Brandon R. McKelvey (State Bar No. 217002)
   Jason D. Glenn (State Bar No. 244470)
3  400 Capitol Mall, Suite 2300
   Sacramento, California 95814-4428
4  Telephone: (916) 448-0159
   Facsimile: (916) 558-4839
5
   Attorneys for Defendant
6  WINCO FOODS, LLC

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10 | MANDI HOVATER, individually and on behalf ) | Case No. 2-10-CV-00621-JAM-DAD
   | of all similarly situated current and former )
11 | employees of WINCO FOODS, LLC, and ) | **STIPULATION AND ORDER TO**
   | WINCO FOODS, INC., ) | **TRANSFER VENUE TO THE UNITED**
12 |                                              ) | **STATES DISTRICT COURT FOR THE**
   |                Plaintiffs, ) | **NORTHERN DISTRICT OF**
13 |                                              ) | **CALIFORNIA PURSUANT TO 28 U.S.C.**
   |        v. ) | **§ 1404(a)**
14 |                                              )
   | WINCO FOODS, LLC, WINCO FOODS, INC. ) | **JUDGE:**   Hon. John A. Mendez
15 | and DOES 1 through 10, inclusive, ) | **DEPT.:**   6
   |                                              )
16 |                Defendants. )
   |                                              )
17 |                                              )
   |                                              )
18 |                                              )

---

STIPULATION AND ORDER TO TRANSFER VENUE

13089625v.1                                              Case No. 2:10-CV-00621-JAM-DAD

PDF created with pdfFactory trial version www.pdffactory.com

**TO THE COURT AND ALL PARTIES:**

Counsel for Plaintiff Mandi Hovater (Hovater) and Defendant WinCo Foods, LLC (WinCo), having met and conferred regarding proper venue of this matter, have agreed that this matter should be transferred to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404(a). Accordingly, the parties set forth the following stipulations for the Court:

Hovater, a former WinCo Assistant Manager, filed her original Class Action Complaint on February 18, 2010, in the Superior Court of California, County of Sacramento. On March 16, 2010, WinCo removed this action on the basis of federal question jurisdiction. Hovater alleges that she was misclassified as an exempt employee and is owed compensation for unpaid overtime, missed meal and rest periods, and associated penalties. Hovater further alleges a proposed class of "[a]ll current and former night shift Assistant Store Managers employed by WINCO in California and classified as exempt, salaried employees, for the period February 9, 2006 to the present."

A related matter, entitled *Stephen Gales v. WinCo Foods et al.*, Case No. 3:09-cv-05813-CRB, is pending against WinCo in the United States District Court for the Northern District of California. Gales is also a former WinCo Assistant Manager. He alleges, like Hovater, that he was misclassified as an exempt employee and is owed compensation for unpaid overtime. Gales seeks to represent a class of "persons employed in California by WinCo as an assistant manager, both night and day, for the four year period preceding the filing of this Complaint to the present." (Request for Judicial Notice ("RJN"), Ex. A, at ¶ 11.) The individuals who would potentially be members of Hovater's proposed class would also be part of the putative class in *Gales*.

On March 24, 2010, WinCo moved to transfer the *Gales* case to the Eastern District. On May 3, 2010, the Northern District denied that motion. In denying WinCo's motion to transfer the *Gales* case, the Northern District discussed the *Hovater* case and stated that it would be "amenable to a transfer of that action (*Hovater*) to this Court." (RJN, Ex. B, at p. 1.) The Court also noted that it would be "more than willing" to consolidate the *Gales* and *Hovater* matters

PDF created with pdfFactory trial version www.pdffactory.com

"should the Eastern District find that transferring the *Hovater* action to this district would be in the interests of justice." (RJN, Ex. B, at p. 3.)

Consistent with 28 U.S.C. § 1404(a), transfer is appropriate because this case might have been brought in the Northern District of California, as the Northern District would have subject matter jurisdiction over this case on the same grounds that are the basis for subject matter jurisdiction in the Eastern District. Specifically, the Northern District has subject matter jurisdiction over this matter as: (1) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (2) it is a class action in which at least one class member is a citizen of a state different from that of Defendant WinCo Foods, LLC. 28 U.S.C. §1332(d).

Each of the factors courts consider when determining whether to transfer an action under section 1404(a) support a transfer of the *Hovater* matter to the Northern District including: (1) feasibility of consolidation with other claims, (2) the relative court congestion of each forum, and (3) convenience of the parties and witnesses. *See Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1154–55 (N.D. Cal. 2008).

**Feasibility of Consolidation:** The parties agree that transferring this case to the Northern District would promote judicial economy and avoid duplicative litigation because it could be consolidated with the *Gales* matter. Both *Gales* and *Hovater* involve the same claims and essentially the same issues, including whether Assistant Managers were properly classified as exempt. The proposed class in *Hovater* is included within and overlaps with the proposed class in *Gales*. In addition, many of the witnesses in the two cases will likely be the same.

Consolidating the two matters will prevent the same issues from being litigated twice in different forums, thus preserving scarce judicial resources and saving the parties the time and expense of duplicative litigation. Both the *Gales* and *Hovater* matters are in the pre-class certification discovery stage. Class certification has not been ruled upon in either matter, so the cases are ripe for consolidation prior to class certification being decided.

**Court Congestion:** This Court has recognized that "the weighted caseload per judge is higher in the Eastern District than anywhere else in the country." *Parker v. FedEx Nat'l, Inc.*, 2010 U.S. Dist. LEXIS 130455, *11 (E.D. Cal. Dec. 6, 2010). This Court has also noted

PDF created with pdfFactory trial version www.pdffactory.com

that "the Eastern District of California has the heaviest caseload in the country, over two times larger than the national average." *Tough Guy Ltd. v. Tough Mudder LLC*, 2010 U.S. Dist. LEXIS 131233, *7 (E.D. Cal. Dec. 3, 2010). Given the Eastern District's caseload, the parties agree that transferring this case to the Northern District is appropriate, especially in light of the Northern District's willingness to accept a transfer and consolidate the two cases.

**Convenience of the Parties and Witnesses:** Transferring this case to the Northern District would cause no more inconvenience to Hovater, who no longer lives in the Sacramento area but lives and works in Oregon. Consequently, she would have to travel to provide testimony at trial regardless of the forum. She could just as easily travel to San Francisco as Sacramento, so it is no more inconvenient for her. It is also no more inconvenient for Hovater's attorneys, whose office is in San Diego, to travel to San Francisco than to Sacramento.

Transferring this case to the Northern District would be far more convenient for WinCo because it would not have to litigate the same issues in different forums and its witnesses would not have to travel to different locations to testify in different proceedings about the same issues.

For the reasons discussed above, and to avoid duplicative litigation and wasted judicial resources and to further the interests of justice, the parties stipulate that, under 28 U.S.C. § 1404(a), this action should be transferred to the United States District Court for the Northern District of California.

DATED: February __, 2011                    SEYFARTH SHAW LLP

                                            By_____
                                                Alfred L. Sanderson, Jr.
                                                Brandon R. McKelvey
                                                Attorneys for Defendant
                                            WINCO FOODS, LLC

PDF created with pdfFactory trial version www.pdffactory.com

1  DATED: February __, 2011                    GRACEHOLLIS LLP

2
                                               By_____
3                                                   Graham Hollis
                                                    Marta Manus
4                                                   Attorneys for Plaintiff
                                               MANDI HOVATER

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5
STIPULATION AND ORDER TO TRANSFER VENUE
13089625v.1                                                               2:10-CV-00621-JAM-DAD

PDF created with pdfFactory trial version www.pdffactory.com

## **ORDER**

Pursuant to 28 U.S.C. § 1404(a), and by stipulation of the parties, the Court finds that the United States District Court for the Northern District of California is an appropriate venue for this action and hereby orders that this action be transferred to that court.  The Clerk is hereby directed to transfer this case to the United States District Court for the Northern District of California.  No further proceedings shall be had in this Court.

IT IS SO ORDERED.

DATED:  2/3/2011                              /s/ John A. Mendez
                                              UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com